# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMAS SMITH, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 3:18-CV-1060 |
| v. | : | |
| | : | (Judge Caputo) |
| THOMAS D. BRUNS, *et al.*, | : | |
| Defendants | : | |

# M E M O R A N D U M

Plaintiff, Joseph Thomas Smith, proceeding *pro se* and *in forma pauperis*, initiated this *Bivens* action.[1] Named as defendants are the following individuals: Theodore Bruns and Claire Cardwell (Mr. Smith's former criminal defense attorneys); Assistant United States Attorney (AUSA) Roderick C. Young (who prosecuted Plaintiff and addressed Plaintiff's appeals); and FBI Special Agent (SA) Scott Umphlett and DEA Agent Mike Cash. Mr. Smith challenges each defendants' actions that contributed to his prosecution and/or his failed *pro se* motion filed to 28 U.S.C. § 2255. Petitioner claims defendants' conduct resulted in his continued illegal incarceration. Mr. Smith seeks monetary damages and declaratory relief.

This matter is presently before the Court for screening pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. For the following reasons, the action will be dismissed without leave to amend. Also, before the Court is Plaintiff's motion for injunctive relief

---

[1] A "*Bivens* action" is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

and motion to transfer. These motions will be denied without prejudice due to the Court's dismissal of this action due to Plaintiff's failure to state a claim.

I. **Background**[2]

On July 13, 2010, Mr. Smith was indicted in the United States District Court for the Eastern District of Virginia, Richmond Division on conspiracy to commit robbery affecting commerce (Count One); robbery affecting Commerce (Counts Two and Five); using, carrying, and possessing a firearm in relation to a crime of violence (Counts Three and Six); and carjacking resulting in death (Count Four). *United States v. Smith*, Crim No. 3:10-CR-199-HEH (E.D. Va.).[3] AUSA Young was the prosecutor. The trial court appointed Attorneys Bruns and Cardwell to represent Mr. Smith. (*Id.*) On December 6, 2010, Mr. Smith entered into a Plea Agreement in which he agreed to plead guilty to Count Four of the Indictment.

> On March 8, 2011, the sentencing court entered judgment against him and sentenced him to life imprisonment, followed by five years of supervised release. Smith filed a *pro se* Notice of Appeal. Smith's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Smith*, 454 Fed. Appx. 172, 172-73 (4th Cir. 2011).

*See United States v. Smith*, No. 3:13CV67-HEH, 2015 WL 7313389, * 2 (E.D. Va. Nov. 19, 2015) (denying 28 U.S.C. § 2255 motion). Mr. Smith filed a *pro se* supplemental brief arguing; *inter alia*, the government lack jurisdiction to prosecute him for carjacking

---

[2] The background of Mr. Smith's action is taken from his Complaints and Amended Complaints filed in *Smith v. Bruns*, 3:18-CV-1060 and *Smith v. Bruns*, 3:18-CV-1471 which were consolidated on November 30, 2018. (ECF No. 17)

[3] The Court takes judicial notice of the electronic docket in Mr. Smith's criminal matter which is available via the Public Access to Court Electronic Records Service at: https://www.pacer.gov (last visited January 2, 2019).

and ineffectiveness of counsel. (*Id.*) The United States Court of Appeals for the Fourth Circuit Court of Appeals granted in part, and denied in part, the government's motion to dismiss the appeal based on the waiver included in Mr. Smith's Plea Agreement. (*Id.*) The Fourth Circuit Court of Appeals granted the motion to dismiss concerning Mr. Smith's challenge to his carjacking conviction and declined to consider his claims of ineffective assistance of counsel. (*Id.*) Petitioner did not seek certiorari review in the Supreme Court.

Mr. Smith then filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mr. Smith argued that he received ineffective assistance of counsel in connection with his guilty plea, sentencing, and appeal. In responding to the motion, the AUSA Young submitted the joint declaration of Mr. Smith's trial counsel, Attorneys Bruns and Cardwell, in which they responded to the various charges of their alleged ineffectiveness in their representation. (*Id.*) The trial court denied the motion on November 18, 2015. (*Id.*) The Fourth Circuit Court of Appeals denied issuing a certificate of appealability and dismissed Mr. Smith's appeal. See *United States v. Smith*, 651 F. App'x 180 (2016) (unpublished) (per curiam).

In this matter, Mr. Smith alleges AUSA Young and Attorneys Bruns and Cardwell, by submitting an untruthful joint declaration to the appellate court in connection with the government's opposition to his *pro se* § 2255 motion, denied him "from gaining post-conviction relief and intentionally undermined the fairness of the post-conviction procedures" and deliberately violated his constitutional rights leading to his unlawful incarceration. He also alleges that AUSA Young, SA Umphlett and Agent Cash misrepresented facts in his criminal case that lead to his conviction. Finally, Plaintiff

alleges that due to Defendants' actions, which resulted in his unlawful incarceration, he is forced to seek refuge in the prison's Special Housing Unit due to concerns for his safety.[4] As relief, Mr. Smith seeks declaratory judgment and compensatory and punitive damages.

II.     **Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints**

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 - 11 (3d Cir. 2009)

---

[4] Mr. Smith is presently housed at FCC-Coleman in Coleman, Florida.

(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct.

594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted). *Pro se* litigants must be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

### III. DISCUSSION

#### A. Absolute Prosecutorial Immunity

Prosecutors have absolute immunity from damage actions for conduct that is intimately associated with the judicial phase of the criminal process. See *Imbler v. Pachtman*, 424 U.S. 409, 430 – 31, 96 S.Ct. 984, 994 - 96, 47 L.Ed.2d 128 (1976). This immunity addresses the concern that "[t]he 'public trust of the prosecutor's office would suffer' were the prosecutors to have in mind his own potential damages liability when making prosecutorial decision --- as he might well were he subject to § 1983 liability." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 - 42, 129 S.Ct. 855, 860, 172 L.Ed.2d 706 (2009), quoting *Imbler*, 424 U.S. at 424, 96 S.Ct. 992 (internal citations omitted).

Government attorneys are entitled to absolute immunity with regard to their actions in carrying out their role in the judicial process. *Imbler*, 424 U.S. at 427, 96 S.Ct. at 992. It is simply beyond question that one duty of a prosecutor is to advocate for the government to protect the finality of a criminal conviction. It is also beyond question that AUSA Young's alleged improper conduct occurred directly in connection

with, or stemming from, Mr. Smith's criminal prosecutor and post-conviction motion to vacate his conviction. In short, AUSA Young's actions were intimately associated with the criminal process, and he is entitled to prosecutorial immunity. Moreover, AUSA Young's decision to secure the declaration of Mr. Smith's former counsel when submitting a response to his *pro se* § 2255 motion alleging their ineffectiveness clearly falls within the ambit of acting as an advocate for the government.[5] Thus, Mr. Smith's claims against AUSA Young in his individual capacity shall be dismissed.[6]

### B. Failure to State a Claim against his Former Defense Attorneys Bruns and Cardwell

In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006).

---

[5] In reviewing a § 2255 motion alleging ineffective assistance of counsel, courts often require prior counsel to provide affidavits related to their prior representation. In *United States v. Pinson*, 584 F.3d 972, 979 (10th Cir. 2009), the Tenth Circuit Court of Appeals upheld the district court's actions of ordering former defense counsel "to provide an affidavit addressing the issues raised in defendants [sic] § 2255 motion" alleging ineffectiveness of counsel. *Id*. at 979. This is not a violation of the attorney-client privilege as the petitioner himself waived the privilege with respect to communications necessary to prove or disprove his claims. *Id.* at 977 - 78; *see also Rhone-Poulenc Rorer v. Home Indem Co.*, 32 F.3d 851, 864 (3d Cir. 1994) ("Finding a waiver of the attorney client privilege when the client puts the attorney's advice in issue is consistent with the essential elements of the privilege.")

[6] Any action against government officials in their official capacities constitutes an action against the United States, and *Bivens* claims against the United States are barred by sovereign immunity, absent explicit waiver. *See FDIC v. Meyer*, 510 U.S. 471, 483, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Lewal v. Ali,* 289 F. App'x 515, 516 (3d Cir. 2008) (noting that a *Bivens* action can be maintained against a defendant in his or her individualy capacity only). Thus, Mr. Smith's claims seeking damages against AUSA Young, SA Umphlett or Agent Cash in their official capacities are barred by sovereign immunity.

It is well established that "[p]rivate attorneys, including public defenders, acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983." *Coudriet v. Varadaro*, 545 F. App'x 99, 103 (3d Cir. 2013) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 449, 70 L.Ed.2d 509 (1981) (holding that a court-appointed defense attorney is not a state actor for the purpose of a § 1983 action simply "by virtue of being an officer of the court …")); *see also Clark v. Vernon*, 228 F. App'x 128, 131 (3d Cir. 2007) ("[P]rivate attorneys, including those appointed and paid for by the state, do not act under color of state law when performing their function as counsel.").

Because the acts complained of in regard to Mr. Smith's former counsel concern the traditional functions of a criminal defense attorney, attorneys Bruns and Cardwell were not acting under color of state law, and therefore they are not subject to suit under *Bivens* for alleged violations of Plaintiff's constitutional rights.

### C. Mr. Smith's Claims for Monetary Damages are Legally Frivolous

Based upon a review of the allegations of Mr. Smith's complaint and amended complaint, together with the docket from his criminal case, Mr. Smith's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

To recover damages for a prisoner's "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a

federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486 – 87, 114 S.Ct. at 2372. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.[7] *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372.

Mr. Smith's allegations challenge the constitutionality of the Defendants' actions that lead to his criminal conviction and his appellate review process. Assuming Mr. Smith's allegations of the Defendants' actions in his complaints and amended complaints are true, they would necessarily implicate the validity of his convictions. Public records confirm that his conviction has not been invalidated or set aside by an authorized tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254. Absent a showing, that the disputed convictions have been invalidated or set aside, the rule in *Heck* precludes his claim for damages. Because his claims for monetary damages are barred, the Court must deny leave to amend this claim and dismiss it as legally frivolous. It is noted that this claim will be dismissed without prejudice so that Plaintiff may re-assert it if he obtains a reversal or expungement of his conviction.

As for Mr. Smith's claims for injunctive or declaratory relief, although unspecified, to the extent Mr. Smith sought to use this civil rights action to challenge the fact or duration of his confinement or to seek an earlier or speedier release he may not do so.

---

[7] *Heck*'s bar also applies to *Bivens* claims. See *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505 n. 2 (3d Cir. 2008) (per curiam) (noting that *Heck* has been applied to bar *Bivens* claims). It applies to claims involving monetary damages as well as those seeking equitable and declaratory relief. See *Wilkinson v. Dotson, 544 U.S. 74, 81 – 82, 125 S. Ct. 1242, 1247 - 1248, 161 L.Ed.2d 253 (2005)*.

See *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1975). The Third Circuit Court of Appeals has similarly recognized that civil rights claims seeking release from confinement sound in habeas corpus. See *Georgevich v. Strauss*, 772 F.2d 1078, 1986 (3d Cir. 1985). Here, Mr. Smith asserts, "[a]s a direct result of the Defendants' acts and/or omissions Plaintiff continues to suffer and continues to be incarcerated in violation of the laws of the United States". (ECF No. 11, p. 1). The United States Supreme Court in *Edwards v. Balisok*, 520 U.S. 641, 646, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), concluded that a civil rights complaint "based on allegations … that necessarily imply the invalidity of the punishment imposed, is not cognizable". *Id*. Pursuant to *Preiser* and *Edwards*, Mr. Smith may not pursue injunctive or declaratory relief for the alleged actions of the Defendants that led to his continued unlawful incarceration. The Court will dismiss these non-cognizable claims without prejudice to Mr. Smith filing a new complaint in the event his convictions are ever vacated. The Court will not grant leave to amend this claim as doing so would be futile at this time.

### C. Remaining Motions

Also pending before the Court are Mr. Smith's motion for injunctive relief, and motion for change of venue. Based on the Court's dismissal, without prejudice, of Plaintiff's complaint for failure to state a claim, there is no need, or basis, to provide Mr. Smith with injunctive relief. Next, the Court turns to Mr. Smith's motion to transfer, or in other words, change of venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or

division where it might have been brought or to any district or division to which all the parties have consented." 28 U.S.C. § 1404(a).  Based on Mr. Smith's complaint, it is clear that all four Defendants reside outside of the Middle District of Pennsylvania, his allegations are not related in any way to events that occurred in this district, and that Mr. Smith himself is not housed in this district.  Thus, it appears that venue is proper in the Eastern District of Virginia and not the Middle District of Pennsylvania.  Mr. Smith seeks to transfer this matter to the Eastern District of Virginia for further proceedings.  Generally, district courts do not dismiss *in forma pauperis* complaints for improper venue, rather, when necessary the court will transfer the matter to the appropriate district.   However, because Mr. Smith's criminal conviction stands, the interest of justice is not served by transferring this matter to the Eastern District of Virginia as Mr. Smith fails to state a cognizable *Bivens* claim against the named Defendants until he can demonstrate his prior criminal attorneys are state actors and/or until his conviction is vacated, or otherwise overturned.  There is no harm to Mr. Smith by the dismissal of this action without prejudice to him to refile his claims, in the Eastern District of Virginia, if and when his convictions are nullified.  As such, the Court is not persuaded that transfer is warranted in the interests of justice.  For the foregoing reasons, Mr. Smith's motion to transfer will be denied.  An appropriate order follows.

**Date:**  January 22, 2019　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　**A. RICHARD CAPUTO**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**